# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOSEPH TRIM (#131082)**                       **CIVIL ACTION NO.**

**VERSUS**                                      **25-654-BAJ-SDJ**

**B. THOMPISON, ET AL.**

## ORDER

Plaintiff Joseph Trim, who is representing himself and who is confined at the Dixon Correctional Institute in Jackson, Louisiana, filed this suit on or about July 29, 2025, against multiple Defendants.[1]  Based upon Plaintiff's allegations, it appears he is attempting to make a claim of excessive force.[2] Plaintiff is seeking monetary relief.[3]

In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that explains each defendant's participation in the alleged wrong.[4] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[5]  Plaintiff does not provide the details required to analyze his claims. Instead of having his lawsuit dismissed at this time, Plaintiff will be given another chance to provide facts that he believes support his claims, if possible.[6] Accordingly,

---

[1] R. Doc. 1.  Documents in the court record are referred to as "R. Doc. __."

[2] R. Doc. 1, pp. 4-5.

[3] R. Doc. 1, p. 5.

[4] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

[6] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

**IT IS ORDERED** that, by no later than **May 12, 2026**, Plaintiff must file an amended complaint on the standardized § 1983 lawsuit form (same form used previously), stating specific facts to support his claims.   In any amended complaint, Plaintiff must list each defendant individually and explain what Plaintiff believes each defendant did (or did not do) that violated his constitutional rights. Plaintiff is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating only the bare assertions originally provided without providing specifics as to how each defendant personally violated his constitutional rights or fails to file an amended complaint. Plaintiff should review the attachment which asks him for additional information to support the kinds of claim he seems to be trying to make.[7]  Plaintiff should answer the questions in the attachment in any amended complaint. Plaintiff should be mindful in describing exactly what occurred when excessive force was used, as indicated in the attachment, as the circumstances surrounding the use of force will determine whether he states a claim. As it stands, the only fact the Court gleans from the Complaint is that some officers used force against Trim and he broke two ribs. Other facts are required to properly evaluate this claim, and Trim should use the attachment to guide his amended complaint.

Plaintiff is placed on notice that an amended complaint takes the place of the previous complaint.[8]  His amended complaint will be the operative complaint for this lawsuit and **must include all defendants, claims, and facts**. Plaintiff is instructed to place the cause number "3:25cv00654" on the amended complaint and on all documents that he files in this lawsuit.

---

[7] The Court has only included an attachment for excessive force. If Plaintiff is attempting to make any other claims, he should make that clear in his amended complaint.

[8] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).

**Plaintiff is also placed on notice that this lawsuit may be dismissed without further notice if he fails to timely respond to this Order.**

Signed in Baton Rouge, Louisiana, on April 21, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**